\*\*Original filed 4/24/07\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BUSCH, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> A.P. KANE, ) <br> ) <br> Respondent. ) <br> ) | No. C 06-6271 JF (PR) <br><br> PARTIAL DISMISSAL ORDER; <br> ORDER TO SHOW CAUSE |

Petitioner, a state prisoner proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Board of Prison Terms ("Board's") decision denying him parole. The Court initially dismissed this action for failure to pay the filing fee. Thereafter, the Court granted Petitioner's motion for reconsideration and reopened the case. The Court will dismiss claim four and order Respondent to show cause why the petition should not be granted as to the remaining claims.

## BACKGROUND

In 1989, a San Diego Superior Court jury convicted Petitioner of second degree murder (Cal. Penal Code § 187). Petitioner was sentenced to a term of fifteen years-to-life in state prison. Petitioner challenges the Board of Prison Terms' decision denying

Partial Dismissal Order; Order to Show Cause
P:\pro-se\sj.jf\hc.06\Busch271osc     1

him parole. Petitioner filed three state habeas petitions in the state superior court, state appellate court and state supreme court, all of which were denied as of August 23, 2006. Petitioner filed the instant federal habeas petition on October 4, 2006.

## DISCUSSION

A.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.   Petitioner's Claims

As grounds for federal habeas relief, Petitioner alleges: (1) his liberty interest and right to due process were violated when parole was denied without the requisite reliable evidence; (2) the Board and the Governor have an illegal anti-parole policy in violation of his liberty interest and right to due process; (3) his liberty interest and due process were violated when the Board did not comply with the law; and (4) his First Amendment right to access the courts for redress of grievances was denied where the state courts refused to acknowledge and respond to all submitted grounds. See Petition at 6-6a.

Claim four is not cognizable under § 2254 because errors in the state post-conviction review process are not addressable through federal habeas corpus proceedings. See Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997); Villafuerte v. Stewart, 111 F.3d 616, 632 n.7 (9th Cir. 1997); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir.), cert. denied, 493 U.S. 1012 (1989). Such errors do not generally represent an attack on the prisoner's detention and therefore are not proper grounds for habeas relief. See id. They instead generally pertain to the review process itself and not to the constitutionality of a state conviction.

1  See, e.g., 28 U.S.C. § 2254(I) (claims of ineffective assistance of state or federal post-
2  conviction counsel not cognizable on federal habeas review); Franzen, 877 F.2d at 26
3  (delay in state habeas proceeding not addressable in federal habeas); Hopkinson v.
4  Shillinger, 866 F.2d 1185, 1218-20 (10th Cir. 1989) (state court's summary denial of
5  petition for post-conviction relief is procedural deficiency in review process that does no
6  violence to federal constitutional rights).  Accordingly, claim four is DISMISSED
7  without leave to amend.
8    Liberally construed, Petitioner's remaining allegations are sufficient to require a
9  response.  The Court orders Respondent to show cause why the instant petition should not
10 be granted as to the remaining three claims.

**CONCLUSION**

12   1.   Claim four of the instant petition is DISMISSED without leave to amend.
13   2.   The Clerk shall serve by mail a copy of this order and the petition
14 and all attachments thereto upon the Respondent and the Respondent's attorney, the
15 Attorney General of the State of California.  The Clerk shall also serve a copy of this
16 order on the Petitioner.
17   3.   Respondent shall file with the Court and serve on Petitioner, within **sixty**
18 **days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the
19 Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should
20 not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of
21 all portions of the state parole record that have been transcribed previously and that are
22 relevant to a determination of the issues presented by the petition.
23   If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
24 with the Court and serving it on Respondent within **thirty days** of his receipt of the
25 answer.
26 \\\
27 \\\
28 \\\

Partial Dismissal Order; Order to Show Cause
P:\pro-se\sj.jf\hc.06\Busch271osc            3

1      4.    Respondent may file a motion to dismiss on procedural grounds in lieu of
2  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
3  Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file
4  with the Court and serve on Respondent an opposition or statement of non-opposition
5  within **thirty days** of receipt of the motion, and Respondent shall file with the Court and
6  serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

7      5.    It is Petitioner's responsibility to prosecute this case. Petitioner is reminded
8  that all communications with the Court must be served on respondent by mailing a true
9  copy of the document to Respondent's counsel. Petitioner must keep the Court and all
10 parties informed of any change of address by filing a separate paper captioned "Notice of
11 Change of Address." He must comply with the Court's orders in a timely fashion.
12 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
13 to Federal Rule of Civil Procedure 41(b).

14     IT IS SO ORDERED.

15 Dated:  4/24/07

                                  JEREMY FOGEL
16                                   United States District Judge

1  A copy of this order was mailed to the following:

2

3  Timothy Busch
   E-14667
   Correctional Training Facility
4  P.O. Box 689
   Soledad, CA  93960-0689

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Partial Dismissal Order; Order to Show Cause
P:\pro-se\sj.jf\hc.06\Busch271osc                5